IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| **MICHAEL SHAINE EATON** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 2:10-cv-112-MTP** |
| **SHERIFF BILLY MAGEE AND** <br> **FORREST COUNTY, MISSISSIPPI** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [39]. Having reviewed the submissions of the parties and the applicable law, the undersigned finds that the motion should be **GRANTED**.

### FACTUAL BACKGROUND

Plaintiff Michael Shaine Eaton, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [2] on May 10, 2010. As set forth in his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserts claims against Sheriff Billy McGee[2] and Forrest County, Mississippi ("the County") for unconstitutional conditions of confinement and denial of due process. *See* Omnibus Order [29]. Plaintiff's claims occurred while he was housed at the Forrest County Jail (the "Jail") as a pre-trial detainee from June 23, 2009 to September 10, 2009. He is currently incarcerated in the Federal Correctional Institution in Glenville, West Virginia. *See* Change of Address dated March 8, 2012 [47].

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on March 31, 2011.

[2] Defendant Sheriff Billy McGee is erroneously referred to as Sheriff Billy Magee in the pleadings.

1

Plaintiff was housed in Cell Block 44 of the Jail from June 23, 2009 to September 10, 2009, approximately two and a half (2 ½) months. *See* Ex. 27 to Motion [39-27]. Sheriff McGee admits the Jail was overcrowded during that time. Affidavit of Sheriff McGee [39-23] at 2. Throughout his incarceration, the cell block housed inmates exceeding its maximum capacity of sixteen (16) with the most prisoners at once being twenty-nine (29) and the fewest being eighteen (18). *See* Ex. 19 to Motion [39-19]; Ex. 18 to Motion [39-18] at 1-2. Plaintiff alleges that, in fact, there were thirty-three (33) inmates housed in the cell block at the same time. *See* Omnibus Transcript [50] (Hereinafter "Tr. [50]") at 11.

The Defendants deny that there were ever thirty (30) people or more housed in the cell block at once. Affidavit of Donnell Brannon [39-24] at 1-2, Affidavit of Ron Taylor [39-25] at 1-2. Plaintiff claims that because of this overcrowding, he was forced to sleep on the floor and that people stepped on him during the night resulting in a knee injury. Affidavit of Plaintiff [46-11] at 1, Tr. [50] at 12, 16. Plaintiff further alleges that the living conditions in the Jail were unsanitary because of the overcrowding. He claimed the showers were contaminated with black mold, and there were insufficient bathroom facilities for the number of inmates: two (2) toilets and one (1) shower. Tr. [50] at 12-13.

Lastly, Plaintiff alleges that he requested administrative relief through the Jail's grievance policy but was routinely denied any due process. Plaintiff alleges that there was no formal grievance procedure in place, Plaintiff's Response [45] at 3, and that he asked for grievance forms on several occasions but "none were given." Tr. [50] at 14.

The Inmate Handbook outlines the Jail's grievance policy. *See* Ex. 20 to Motion [39-20] at 14. Plaintiff claims he did not receive a copy of the inmate handbook. Plaintiff's Memorandum

[46-11] at 3. Plaintiff claims that he addressed the majority of his attempts at administrative relief to corrections officers named "Mike Crunch" and "Pat," Tr. [50] at 14, but the Defendants deny that anyone by those names was employed at the Jail at the time, Affidavit of Donnell Brannon [39-24] at 1, Affidavit of Ron Taylor [39-25] at 1.

## STANDARD

This court may grant summary judgment only if, viewing the facts in a light most favorable to the non-moving party, the movants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the movants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted).  The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Specifically, in order for Defendants to be liable, Plaintiff must show the existence of a policy, practice or custom of Forrest County "adopted or maintained with objective deliberate indifference to [his] constitutional rights," and he must show that such policy proximately caused the constitutional deprivation of which he complains.  *See Grobowski v. Jackson Cty. Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (*per curiam*) (citations omitted).  Moreover, municipal liability cannot be predicated on a theory of *respondeat superior*, and "[i]solated, unconstitutional actions by municipal employees will almost never trigger liability." *Pietrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted).

Conditions of Confinement

Plaintiff alleges a claim for inadequate living conditions against Sheriff McGee and the County. Specifically, Plaintiff claims that the Jail was overcrowded, that he was forced to sleep on the ground with uncomfortable bedding, that the showers were dirty and covered in black mold, and that two toilets and one shower were not enough for the number of inmates housed in the cell block. Plaintiff alleges that because of the above living conditions he suffered aches and pains, was

sleep deprived, and received a knee injury from being stepped on during the night. *See* Affidavit of Plaintiff [46-11]; Tr. [50] at 17.

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). Thus, conditions of confinement may "constitute deprivations of liberty without due process if they amount to punishment of the detainee." *Mayfield v. Ellett*, 102 F.3d 549 (5th Cir. 1996) (quoting *Harris v. Angelina County*, 31 F.3d 331, 334 (5th Cir.1994)). "A pretrial detainee's due process rights are said to be as least as great as the Eighth Amendment protections available to a convicted prisoner." *Hare*, 74 F.3d at 639 (internal quotations and citations omitted).

The Fifth Circuit applies the *Bell*[3] test when evaluating a pretrial detainee's challenges to "general conditions, practices, rules, or restrictions of pretrial confinement." *Mayfield v. Ellett,* 102 F.3d 549, 1996 WL 670432, at *5 (5th Cir. 1996); *see also Hare*, 74 F.3d at 643; *Grabowski v. Jackson County Pub. Defenders Office*, 47 F.3d 1386, 1392 (5th Cir. 1995). Under the reasonable relationship test set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979), "a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." *Hare*, 74 F.3d at 640. However, "the Constitution is not concerned with a *de minimis* level of imposition on pretrial detainees." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004), *aff'd*, 177 F. App'x 377 (5th Cir. Dec. 21, 2005), *cert. denied*, 547 U.S. 1055 (2006) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (holding that the Constitution does not protect against conditions of

---

[3]*Bell v. Wolfish*, 441 U.S. 520 (1979).

confinement "which cause mere discomfort or inconvenience"); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) (serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences.").

However, when a pretrial detainee challenges a jail official's "episodic acts or omissions, the *Bell* test is inapplicable, and hence the proper inquiry is whether the official had a culpable state of mind in acting or failing to act." *Mayfield,* 1996 WL 670432, at *5 (quoting *Hare,* 74 F.3d at 643) (adopting a standard of subjective deliberate indifference as the measure of culpability for pretrial detainees' claims of episodic acts or omissions)). Thus, liability for an episodic act or omission attaches only when a prison official's failure to act amounts to subjective deliberate indifference to a pretrial detainee's rights. *See Edward v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000); *Hare*, 74 F.3d at 648.

"Overcrowding of persons in custody is not *per se* unconstitutional." *Collins v. Ainsworth,* 382 F.3d 529, 540 (5th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981)). Rather, the Constitution only prohibits the "imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Collins*, 382 F.3d at 540 (quoting *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)).

In his affidavit, McGee "acknowledge[s] overcrowding" due to the age and condition of the building, but states that "[n]o inmate is required to sleep on the floor without a mat due to overcrowding." Affidavit of Billy McGee [39-23] at 2. He further states a new building is under construction to "remedy any overcrowding conditions." *Id.*

Plaintiff has failed to show that the overcrowding of the Jail amounted to punishment and was not reasonably related to a legitimate governmental purpose. *See Collins*, 382 F.3d at 545-

46 (holding that while the jail exceeded capacity during the plaintiffs' stay, the plaintiffs failed to show that the alleged "unsuitable conditions" amounted to punishment in violation of the Fourteenth Amendment[,] and reasoning that the inability to get judges to the jail on a Sunday combined with the bad weather conditions were "legitimate, practical concerns reasonably related to the overcrowding conditions . . . [that] easily [met] the deferential, rational basis *Bell* test"); *see also Hye v. Broadus*, No. 1:08-cv-220-HSO-JMR, 2009 WL 3259130, at *5 (S.D. Miss. Oct. 8, 2009) (holding that plaintiff "failed to establish that the overcrowding at the JCADC is not reasonably related to a legitimate governmental interest such as balancing an overwhelming number of detainees with a finite amount of available housing").

Plaintiff complains that he was forced to sleep on the floor with at first a piece of mat then a full mat. Tr. [50] at 12. Plaintiff does not enjoy a constitutional right to an elevated bed. *See Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (stating that the court was unaware of any authority for the proposition that the Constitution requires elevated beds for prisoners); *Hye*, 2009 WL 3259130, at *9 (holding that pretrial detainees do not have a constitutional right to an elevated bed). The Defendants admit that not all mats issued to inmates are of the same quality. *See* Affidavit of Donnell Brannon [39-24] at 2; Affidavit of Ron Taylor [39-25] at 2. Further, although Plaintiff might have been more comfortable with a thicker mattress, there is no constitutional right to comfort. "The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment." *Lee*, 98 F. App'x at 288 (citing *Bell*, 441 U.S. at 537, 539).

Plaintiff claims that his knee was injured due to being stepped on while sleeping on the floor. Tr. [50] at 16. However, he did not seek medical treatment for his knee at the Jail, not did

8

he report any problems with his knee or seek any medical attention related to his knee in the seven months immediately after he left the Jail. Tr. [50] at 30-31. This injury did not result in any permanent damage, and he retained full use of his knee. *See* Ex. 22 to Motion [39-22] at 3-4. Plaintiff has failed to establish that requiring him to sleep on the floor on an uncomfortable mat amounted to punishment and was not reasonably related to the legitimate governmental purpose of finding a place for all inmates to sleep in a Jail that was over-capacity. *See Collins*, 382 F.3d at 545-46.

Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation. There are no medical records indicating that Plaintiff has suffered any lasting harm related to the "unsanitary" conditions of the Jail's bathrooms.[4] *See* Tr. [50] at 20 (Plaintiff is not claiming any respiratory problems). Further, the sworn affidavits of Sheriff McGee, Administrator Donell Brannon, and Sergeant Ron Taylor indicate that the inmates receive cleaning supplies every morning and are required to maintain the cleanliness of their bathrooms and shower. Affidavit of Billy McGee [39-23] at 2, Affidavit of Donnell Brannon [39-24] at 2, Affidavit of Ron Taylor [39-25] at 2. Plaintiff asserts that he did not receive any cleaning supplies and that it is part of the Jail's policy not to provide adequate cleaning supplies. Tr. [50] at 16. Plaintiff further claims that there were insufficient bathroom facilities for the number of inmates housed in the cell block. Tr. [50] at 12-13. Plaintiff has failed to show that such conditions amount to punishment and are not reasonably related to a legitimate governmental purpose. *See Lee v. Hennigan*, 98 F. App'x 286, 287-88 (5th Cir. 2004) (affirming

---

[4]There are records showing where Plaintiff received treatment for a fungal infection. *See* Ex. 15 to Motion [39-15]. But there is not indication that the infection was caused by the mold.

dismissal of claim regarding the unsafe condition of shower facilities, where plaintiff failed to allege "the shower design [was] punitive and not reasonably related to a legitimate governmental objective"); *see also Carter v. Lowndes County*, 89 F. App'x 439, No. 03-60188, 2004 WL 393333, at *1 (5th Cir. Jan. 23, 2004) (dismissing conditions of confinement claim for solitary confinement in an unsanitary cell and denial of shower privileges, where plaintiff failed to show that conditions amounted to punishment and were not incident to some other legitimate governmental purpose); *Mahmoud v. Bowie*, 234 F.3d 29, No. 99-31255, 2000 WL 1568178, at *2 (5th Cir. Sept. 14, 2000) (dismissing plaintiff's claim for unsanitary shower conditions, holding that such claim was conclusional and/or *de minimis* and did not rise to the level of a constitutional violation).

To the extent Plaintiff alleges any of the above claims as episodic acts against Sheriff McGee, the court finds that Plaintiff has failed to establish that Sheriff McGee acted with the requisite subjective deliberate indifference. *See Hare,* 74 F.3d at 643) (adopting a standard of subjective deliberate indifference as the measure of culpability for pretrial detainees' claims of episodic acts or omissions); *Edward*, 209 F.3d at 778.

Plaintiff fails to offer competent summary judgment evidence to raise a genuine issue of material fact as to whether his constitutional rights were violated. Accordingly, Defendants are entitled to summary judgment on these claims.

<u>Denial of Due Process</u>

Plaintiff asserts that the Jail does not have a grievance policy, or if it does, it is inadequate.

He claims that he repeatedly requested grievance forms[5] but was denied and spoke with Sgt. Taylor about filing grievances and was told to write them down. Tr. [50] at 14. He adds that he turned in his written grievances but received no response to them.[6] *Id.* He claims that "[n]o grievance policies were made available to [him] by sign, handbook, or staff" while at the Jail. Affidavit of Plaintiff [46-11] at 3. Defendants argue that Plaintiff was given a copy of the Inmate Handbook [39-20] upon his arrival. *See* Ex. 26 to Motion [39-26] (showing that Plaintiff was given one "Rulebook" along with other facility property); *see also* Affidavit of Billy McGee [39-23] at 1 (stating that every inmate is given a copy of the handbook according to policy).

Even if the Defendants did violate a policy by failing to give Plaintiff a copy of the grievance procedure, such conduct fails to rise to the level of a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation)*; McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007). Further, Plaintiff does not have a constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz,* No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Accordingly, this claim must be dismissed. Moreover, Plaintiff cannot show that he was prejudiced by the lack of an adequate grievance procedure. Defendants have not raised Plaintiff's failure to exhaust in their motion, and

---

[5]Plaintiff claims to have made these requests to Officers Mike Crunch and Pat. Tr. [50] at 14. Defendants deny that anyone with these names was employed at the Jail at the time. Affidavit of Donnell Brannon [39-24] at 2, Affidavit of Ron Taylor [39-25] at 2.

[6]*See supra* note 5.

the court considered Plaintiff's claims on their merits.

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999). Because the court finds that the Plaintiff's claims are not cognizable as constitutional claims, it declines to address the issue of whether the Defendants are entitled to qualified immunity. *Wells*, 45 F.3d at 93.

## CONCLUSION

For the reasons stated above, the court finds that Defendant's Motion for Summary Judgment [39] should be GRANTED. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Defendants' Motion for Summary Judgment [39] is granted and this action is dismissed with prejudice.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 27th day of June, 2012.

s/ Michael T. Parker
United States Magistrate Judge